Reuben D. Nathan, Esq. (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, California 92663
TEL: (949) 270-2798
FAX: (949) 209-0303

Attorneys for Plaintiff, BENNIE HAMILTON, And the Proposed Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE HAMILTON on behalf of himself and all similarly situated persons, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>KOLD TRANS, LLC; KNIGHT TRANSPORTATION INC. dba Arizona Knight Transportation Inc.; KNIGHT REFRIGERATED, LLC; KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br><u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT** |

COMES NOW PLAINTIFF BENNIE HAMILTON AND HEREBY ALLEGES THE FOLLOWING:

1.     The allegations in this complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

### NATURE OF THE ACTION

2.     This putative class action is brought by Plaintiff BENNIE HAMILTON ("Plaintiff" or "Mr. Hamilton") against Defendants KOLD TRANS, LLC; ("Kold Trans"); KNIGHT TRANSPORTATION INC. dba Arizona Knight Transportation Inc. ("Knight Transportation"); KNIGHT REFRIGERATED, LLC ("Knight Refrigerated"); and KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. ("Knight-Swift") (collectively known as "KNIGHT") and DOES 1 through 25, inclusive (hereinafter "KNIGHT" or "Defendants"), and each of them for damages sustained by Plaintiff, based on the Defendants' wrongful actions and include the following causes of action: (1) Improper Meal Periods; (2) Improper Rest Periods; (3) Unlawful Wage Deduction; (4) Reimbursement of Expenses; (5) Improper Wage Statements; and (6) Unfair Business Practices.

### THE PARTIES

3.     Plaintiff, BENNIE HAMILTON is a citizen of the State of California.

4.     Whenever in this complaint, reference is made to "Plaintiff," such reference shall refer collectively to Plaintiff Bennie Hamilton.

5.     Defendant KOLD TRANS, LLC ("Kold Trans") is an Arizona limited liability company with its principal place of business located in Phoenix, Arizona; KNIGHT TRANSPORTATION INC. dba Arizona Knight Transportation Inc. ("Knight Transportation") is an Arizona corporation with its principal place of business located in Phoenix, Arizona. KNIGHT REFRIGERATED, LLC  ("Knight Refrigerated") is an

Arizona limited liability company with its principal place of business located in Phoenix, Arizona; KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. ("Knight-Swift") is a Delaware corporation with its principal place of business located in Phoenix, Arizona and DOES 1 through 25 (hereinafter "KNIGHT" or "Defendants"), and, at all times mentioned herein, whose employees that are the subject of this class action were and are employed in the State of California. On information and belief, KNIGHT is a publicly traded entity that employs thousands of employees throughout the United States. During the class period, on information and belief, Knight Transportation has conducted business under the trade names (i.e. doing business as) Arizona Knight Transportation Inc. That the true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said Defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiff as alleged herein.

6. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants. Defendants employ non-exempt Drivers within the State of California.

8. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff

class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including Defendants' violations of the California Labor Code, occurred within this District.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

10. In addition, to asserting class claims, Plaintiff asserts claims on behalf of all other Class Members, pursuant to Business and Professions Code section 17200, et seq. The purpose of such claims is to require the Defendants to disgorge and restore all monies wrongfully obtained by the Defendants through their unlawful, unfair and deceptive business practices, which emanated in California, as alleged herein. A private attorneys general action is necessary and appropriate because the Defendants have engaged in wrongful acts described herein as a general business practice.

## INTRODUCTION

11. Defendants hired and employed Plaintiff Bennie Hamilton as a non-exempt employee Driver. At the time of filing this action, Plaintiff remains employed by Defendants as a Driver.

12. Plaintiff, upon information and belief and based upon such basis, alleges that Defendants have employed hundreds of individuals, who are classified as non-exempt Drivers of KNIGHT such as Plaintiff Bennie Hamilton, during the class period, in an effort to operate its business. The Drivers that are the subject of this lawsuit have driving routes restricted within the State of California.

13. Plaintiff, upon information and belief and based upon such basis, alleges that Defendants' Drivers were not afforded proper meal/rest breaks or not provided the

correct premium payment for such a meal/rest break, were not reimbursed for all expenses incurred, had wages illegally deducted, did not receive accurate wage statements, waiting time penalties for such deductions, and were subjected to unlawful and unfair business practices. Upon information and belief, to date, the Defendants' illegal practices set forth herein this complaint are present and continuing.

## FACTUAL ALLEGATIONS

14.     Plaintiff was hired in August 2021 and employed by Defendants as a Driver.

15.     Defendants employed Plaintiff and all other similarly situated persons as non-exempt Drivers whose routes are restricted within the State of California.

16.     During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate and/or commission/bonus payments for short haul pay, stop haul, etc.

17.     Plaintiff and Class Members were paid on a weekly basis. Defendants pay its Drivers through the Knight Transportation Credit Card. KNIGHT places the Drivers' wages for any given workweek on the Knight Transportation Credit Card. Drivers are then able to transfer their wages from the Knight Transportation Credit Card through KNIGHT'S Pay Portal, which is an online portal that allow Drivers to direct their wages from the Knight Transportation Credit Card to their personal bank account. If the Driver elects to transfer funds to his personal bank account from the Knight Transportation Credit Card, KNIGHT forces the Driver to maintain a 1% balance on the Knight Transportation Credit Card. Drivers are only allowed to transfer 99% of their earned wages to their personal bank account. The 1% of the Drivers' wages remaining on the Knight Transportation Credit Card is only available to the Drivers by way of withdrawal, which requires the Drivers to withdrawal their funds and pay a fee to obtain the remaining 1% of wages. In the event the Driver fails to withdrawal the 1% remaining on the Knight Transportation Credit Card, the 1% comprised of Class

Members wages continues to accrue week by week. The fee is a typical bank charge fee for withdrawing funds which ranges from $3.00-7.00.

18. Plaintiff and Class Members' activity while performing their duties to Defendants as non-exempt Drivers is tracked and recorded through the Zonar system. Zonar records Driver's activity and creates a Driver Log. The Zonar system also tracks and records whether Drivers took meal and/or rest breaks as mandated by California law.

19. As a result of KNIGHT'S requirements and demands in performing their job duties, Plaintiff and Class Members are required to have their meal and rest breaks missed/shortened/interrupted.

20. Plaintiff and Class Members were not compensated at all or only received a portion of wages owed to them for missed/shortened/interrupted meal and/or rest breaks.

21. Despite the above-mentioned meal/rest period violations, Defendants never compensated Plaintiff and Class Members premium wages at the regular rate as required by California law for each day on which meal and/or rest periods were not authorized or permitted.

22. Defendants failed to pay when due and on time, Plaintiff and Class Members the legal wages they earned or that were due, failed to provide all authorized meal and rest periods owed to Plaintiff and all other similarly situated employees, and failed to pay one (1) hour premium wages in lieu of Defendants' failure to provide a meal and/or rest period. In those instances wherein Defendants paid Plaintiff and Class Members for a missed/shortened/interrupted meal and/or rest breaks, Defendant miscalculated the payment owed to Plaintiff and Class Members.

23. While performing their duties to Defendants, Plaintiff and Class Members were unable to properly use the computer system to communicate with dispatch for Defendants. The computer systems used to communicate with dispatch are not in

working order, have not been repaired, or cause delays that would otherwise negatively impact Plaintiff and Class Members ability to carry out their duties to Defendants. In order to prevent being late for deliveries and stops, from negatively impacting Plaintiff and Class Members' jobs with Defendants, and Defendants' business, Plaintiff and Class Members are forced to repeatedly use their cell phones in order to communicate with Defendants. Plaintiff and Class Members have incurred expenses in discharging their duties to Defendants and have not been reimbursed by Defendants.

24. Defendants' miscalculation for their failure to make payment of premium wages or a portion thereof for missed/shortened/interrupted meal and/or rest breaks were captured in wage statements issued to Plaintiff and Class Members that are inaccurate and false.

25. Defendants have made it difficult to account with precision for the unlawfully withheld wages owed to Plaintiff and Class Members without an examination of all records during the liability period and failed to implement and to preserve a lawful record-keeping method as required for non-exempt employees including Drivers by California Labor Code section 226 and applicable California Wage Orders.

26. Such actions and policies, as described above and further herein, were and continue to be in violation of the California Business and Professions Code section 17200, et seq. (predicate statutes, Cal. Labor Code).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification.

28. All claims alleged herein for the California Classes arise under California law for which Plaintiff seeks relief authorized by California law.

29. Plaintiff proposes the following Classes be created:

a) All former and current non-exempt Drivers employed by KNIGHT within the

State of California, at any time within four years prior to the filing of this lawsuit until the present date.

(hereinafter referred to as "Non-exempt Drivers Class").

b) All former and current non-exempt Drivers employed by KNIGHT, who were/are not engaged in interstate travel and whose gross vehicle weight is under 26,000 lbs., within the State of California, at any time within four years prior to the filing of this lawsuit until the present date.

(hereinafter referred to as "Intrastate Driver Class")

(collectively hereinafter referred to as "Class" or "Class Members").

Excluded from the Class are the Defendants in this action, any entity in which the Defendants have a controlling interest, any officers, directors, and shareholders of the Defendants, and any legal representatives, heirs, successors, and assigns of the Defendants.

30. There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

a. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The Class Members are unknown to Plaintiff at this time. However, the Class is estimated to be greater than a hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. <u>Typicality</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Members with whom they have a well-defined community of interest, and Plaintiff's claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

c. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Members with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiff acknowledges that they have an obligation to the Court to make known any relationship, conflict, or differences with any Class Member. Plaintiff's attorneys and proposed Class counsel are well versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Members.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

31. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

a. Whether Defendants complied with wage reporting as required by the California Labor Code; including but not limited to Section 226;

b. Whether Defendants had a policy or practice of paying Class Members a premium payment for missed/shortened/interrupted rest periods;

**COMPLAINT**

c. Whether Defendants reimbursed Class Members for expenses incurred in discharging duties;

d. Whether Class Members had their wages wrongfully deducted;

e. Whether Class Members are entitled to penalties as a result of violations;

f. Whether Defendants engaged in unlawful or unfair business practices in violation of Business and Professions Code section 17200, et seq. by failing to provide meal and rest break or compensation in lieu thereof; and

g. The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

**FIRST CAUSE OF ACTION**
**VIOLATION OF REST BREAK LAWS**
(Against Defendants)

32. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 31 of this Complaint.

33. At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code. Labor Code section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

34. IWC Order No. 4-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which

there shall be no deduction from wages." Plaintiff alleges that Defendants did not provide Plaintiff and Class Members proper premium wages for missed/shortened/interrupted rest breaks. Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that do not pay the proper premium wages for missed/shortened/interrupted rest breaks. Wage orders required that Plaintiff and Class Members be compensated for the rest periods for which Defendants required Plaintiff and Class Members to work. Defendants did not provide Plaintiff and Class Members with a rest break(s) during each workweek throughout the course of employment with Defendants. Defendants failed to compensate Plaintiff and the Class Members with premium wages for these rest periods worked on any given day or in any given workweek.

35. "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and *compliance cannot be determined by averaging hourly compensation*." (*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 872 (emphasis added); *see also Sheppard v. North Orange County Regional Occupational Program* (2010) 191 Cal.App.4th 289, 297 n.5 ("Compliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; *averaging hourly compensation is not permitted under California law*.") (emphasis added).) "[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ...." (*Cal. Lab. Code* § 1194(a).) "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "An employer is required to authorize and permit the amount of rest break time

called for under the wage order for its industry." (*Brinker*, 53 Cal.4th at 1033; *see also Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 236 ("An employer has a duty to authorize and permit rest breaks.").) "No employer shall require any employee to work during any ... rest period mandated by an applicable order of the Industrial Welfare Commission." (*Cal. Labor Code* § 226.7(a).) "Under Industrial Welfare Commission wage orders, employers are required to 'authorize and permit all employees to take rest periods' at the rate of at least 10 minutes for every four hours worked." (*Bluford*, 216 Cal.App.4th at 871 (*quoting* 8 C.C.R. § 11070, § 12); *see also Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 (Employees are entitled to "a paid 10–minute rest period per four hours of work.").) "Rest periods are considered hours worked and must be compensated." (*Id.* at 872.). Also see, *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7.

36. The California Supreme Court in *Ferra v. Loews Hollywood Hotel, LLC, et al. unanimously* held that employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. "The court also identified several policy reasons to apply the regular rate of pay to premium payments, including that "when [employees] are forced to work through break periods, [there are] 'greater risks of work-related accidents and increased stress,'" and "denials of 'time free from employer control that is often needed to be able to accomplish important personal tasks." *Ferra v. Loews Hollywood Hotel, LLC* S259172 (Cal. Sup. Ct., July 15, 2021).

37. Defendants' conduct, as alleged herein, violates Labor Code section 226.7(a), which authorizes that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

38. Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiff and the other Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation

for each workday that a rest period was not provided/shortened/interrupted, for a three-year statutory period dating back from the date of the commencement of this action.

39.     Plaintiff and Class Members were systematically not paid or underpaid premium wages for rest break violations. Plaintiff and Class Members were not compensated with one hour of premium wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands.

40.     By failing to authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by Class Members, and by failing to provide proper compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

## SECOND CAUSE OF ACTION
## IMPROPER MEAL PERIODS
(Against Defendants)

41.     Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 40 of this Complaint.

42.     At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

43.     At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

44.     At all times herein, Labor Code section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6)

hours, the meal period may be waived by mutual consent of both the employer and the employee.

45.     The language of IWC Order No. 4-2001 § 11(B) relating to meal periods tracks the language of the California Labor Code.

46.     During the relevant time period, Plaintiff and Class Members, who were scheduled to work in excess of five (5) hours, but not longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work in excess of five (5) hours without receiving a meal period of not less than thirty (30) minutes.

47.     During the relevant time period, Plaintiff and Class Members, who were scheduled to work for a period of time in excess of six (6) hours, were required to work in excess of five (5) hours, without receiving a meal period of not less than thirty (30) minutes.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

48.     Upon information and belief, during the relevant time frame, Defendants maintained and enforced an aggressive set of demands for these non-exempt Driver employees with respect to the goals, thereby requiring Plaintiff and Class Members to have their meal breaks missed/shortened/interrupted.  Plaintiff and Class Members were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.

49.     Upon information and belief, during the relevant time frame, Plaintiff and Class Members did not receive uninterrupted meal periods; in addition, Defendant's work demands and pressure from Defendant's management, with specific knowledge and/or at the instruction of Defendant, as a result of an implemented policy, regularly

required Plaintiff and Class Members work through meal periods without receiving a premium payment.

50. Upon information and belief, during the relevant time frame, Plaintiff and Class Members often worked shifts in excess of then (10) hours, yet were never provided a second, uninterrupted meal period of thirty (30) minutes for those shifts. Defendant failed to compensate Plaintiff and Class Members for these meal periods worked on any given day or during any given workweek.

51. Pursuant to Labor Code section 226.7(b) and Industrial Welfare Commission Wage Order 4-2001, section 11(B), Plaintiff and all other similarly situated employees are entitled to recover from Defendant one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a meal period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

## THIRD CAUSE OF ACTION
## REIMBURSEMENT OF ALL EXPENSES AND LOSSES
(Against Defendants)

52. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 51 of this Complaint.

53. "An employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care." (Cal. Labor Code § 2800.)

54. "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).)

55. "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date

on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

56. California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

57. Defendants owe a duty to Plaintiff and Class Members to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer. Defendants continue to refuse to reimburse and indemnify Plaintiff and Class Members for all necessary expenditures and losses incurred by them, including but not limited to, cell phone charges/expenses.

58. Plaintiff and Class Members have incurred, and are continuing to incur, necessary expenditures and losses in direct consequence of the discharge of duties, or of obedience to Defendants' directions as an employer, which at the time of obeying the directions, Plaintiff and Class Members believed to be lawful.

59. The acts and omissions herein violated California Labor Code section 2802(a), and further violates California Labor Code sections 221 through 224. Plaintiff and Class Members are entitled to attorney's fees under to California Labor Code section 2802(c).

60. Plaintiff seeks reimbursement and indemnification for himself, and Class Members similarly situated for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or obedience to the directions of the defendants as an employer.

61. During the relevant time period, Defendants intentionally and improperly failed to reimburse necessary expenditures Plaintiff and Class Members incurred.

62. Under the California Labor Code sections cited herein, Plaintiff and Class

**COMPLAINT**

Members are entitled to recover the necessary expenditures they incurred for the four years preceding the filing of their complaint, plus reasonable attorney's fees and costs under California Labor Code section 2802.

63.     By virtue of Defendants' unlawful failure to reimburse necessary expenditures Plaintiff and Class Members incurred, Plaintiff and Class Members have incurred damages in amounts presently unknown to Plaintiff and Class Members.

64.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, knew or should have known Plaintiff and Class Members were not being reimbursed for all necessary business expenditures they incurred.

65.     As a direct and legal (proximate) result of Defendants' violation of the California Labor Code, Plaintiff and Class Members have been damaged. Under California Labor Code section 2802, Plaintiff and Class Members are entitled to, and request reimbursement of all necessary expenditures they incurred, interest, penalties, reasonable attorney's fees, and costs, incurred in this action in an amount to be proven at or following trial of this matter.

## FOURTH CAUSE OF ACTION
### UNLAWFUL WAGE DEDUCTIONS
(Against Defendants)

66.     Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 65 of this Complaint.

67.     It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. Defendants unlawfully deducted wages from Plaintiff and Class Members.  Defendants created a system whereby Plaintiff and Class Members are only able to transfer 99% of their earned wages from the Knight Transportation Credit Card through KNIGHT'S Pay Portal to their bank account and are unable to transfer the remaining 1% of their earned

wages from the Knight Transportation Credit Card to their bank account, thereby forcing Drivers to either maintain the remaining 1% of their wages on the Knight Transportation Credit Card, or alternatively, withdraw the remaining 1% of wages and pay a fee to obtain the remaining 1% of wages. The fee is a typical bank charge fee for withdrawing funds which ranges from $3.00-$7.00. Thus, KNIGHT has deducted wages from Plaintiff and Class Members.

68. Under California law, an employer can lawfully withhold amounts from an employee's wages only in the following circumstances:

a) When required or empowered to do so by state or federal law;

b) When a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions not amounting to a rebate on the employee's wages; and

c) When a deduction to cover health, welfare or pension contributions is expressly authorized by a wage or collective bargaining agreement (Labor Code Sections 221 and 224).

69. None of the exceptions and outlined by the Labor Code apply to Plaintiff and Class Members and therefore deducting wages by forcing non-exempt Driver employees to maintain a certain amount or percentage of their earned wages on the Knight Transportation Credit Card, or in the alternative, withdrawal their funds and pay a bank fee, which ranges from $3.00-$7.00, to obtain the remaining 1% wages, are deemed illegal.

70. Plaintiff and Class Members are entitled to the wages deducted by Defendants, civil penalties pursuant to Labor Code section 225.5, and waiting time penalties associated with the deductions.

//

//

**FIFTH CAUSE OF ACTION**
**IMPROPER WAGE STATEMENTS**
(Against Defendants)

71.     Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 70 of this Complaint.

72.     Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

73.     Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and Class Members were intentionally not provided accurate wage statements, pursuant to Labor Code section 226(a) by Defendants, because it was Defendants' intent to avoid paying Plaintiff and Class Members, the correct wages that Plaintiff and Class Members were legally entitled to in order for Defendants to generate greater profits at the expenses of Plaintiff and Class Members.

**COMPLAINT**

74.     Defendants also violated California Labor Code section 226, which requires wage statements to list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiff and Class Members, and such violations flow from Defendants' improper policies and practices, their implementation and enforcement by Defendants, and the violations alleged in the preceding causes of action and herein.   More specifically, the miscalculation of the premium wages for meal and/or rest break violations, failure to reimburse expenses, unlawful wage deductions, and premium wage payments that should have been itemized on the wage statements issued by Defendants to Plaintiff and Class Members an constitutes a violation of California Labor Code section 226. Defendants' intentional conduct by failing to provide Plaintiff and Class Members with accurate wage statements have caused Plaintiff and Class Members to suffer injury in fact by depriving them of their wage records.   In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to discover for accuracy, the required information missing from their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.   Given the violations addressed above and the resulting inaccuracies in the wage statements provided by Defendants to Plaintiff and Class Members, Defendants have made it very difficult, to determine from the wage statements themselves such important items of information as the appropriate pay rate to apply to their hours worked.

75.     Plaintiff and Class Members are also entitled to injunctive relief under California Labor Code §226(h), compelling Defendants s to comply with California Labor Code §226.   Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and Class Members are entitled to recover from Defendants the

**COMPLAINT**

greater of their actual damages caused by Defendants' failure to comply with Labor Code Section 226(a) or fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods or an aggregate penalty not exceeding $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

## SIXTH CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.
(Against Defendants)

76. Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 75.

77. Defendants' conduct, as alleged herein, including not paying Plaintiff and Class Members for premium wages for missed meal and/or rest periods, not reimbursing expenses, illegally deducting wages, inaccurate wage statements has been, and continues to be unlawful and unfair, and harmful to Plaintiff and Class Members, and the general public.

78. Defendants' activities as alleged herein are in violation of California law, and constitute unlawful and unfair business practices in violation of Business and Professions Code section 17200, et seq., which justify the issuance of an injunction, restitution, and other equitable relief pursuant to California Business and Professions Code §17203.

79. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

80. Defendants have failed and refused to provide Plaintiff and Class Members with meal and/or rest breaks in violation of the California Labor Code §§226.7(a). Defendants have failed to reimburse expenses, not to deduct wages, provide Plaintiff and

Class Members with accurate wage statements pursuant to California Labor Code section 226. Defendants violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiff and Class Members suffered an economic hardship in order for Defendants to pursue monetary gain.

81.     Plaintiff and Class Members seek restitution for Defendants' knowingly and willfully (or should have known) that Plaintiff and Class Members, but refused to pay Plaintiff and Class Members in order for Defendants to financially benefit from its illegal and unfair practices at the expense and work of Plaintiff and Class Members.

82.     Defendants' actions, practices, decisions, and policies have violated the California Labor Code, IWC Wage Orders, and state law, including, but not limited to: (1) failing to pay premium wages for meal/rest breaks, (2) failing to reimburse expenses, (3) unlawfully deducting wages, and (4) failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code §226.

83.     Pursuant to Business and Professions Code section 17200, et seq., Plaintiff and Class Members are entitled to disgorgement and restitution of the reimbursement of expenses, meal and rest breaks premium wages; and deduction of wages serves as a declaration that the above business practices are unlawful and unfair; a permanent injunction requiring Defendants to pay all outstanding premium wages and reimbursement of expenses due to Plaintiff and Class Members and stop all illegal conduct alleged in this complaint.  Plaintiff, individually, on behalf of Class Members and on behalf of the general public through their respective attorneys are serving to enforce an important right of the prompt payment of wages due to employees that affects the affecting a significant public interest.

84.     Plaintiff through this action is conferring a substantial benefit on the general public by ensuring the prompt payment of wages due to employees and a large class of persons (at this time believed to exceed 100 class members), there exists a necessity

(Defendants have maintained this illegal practice for at least four years) and financial burden of private enforcement makes an award of attorney's fees appropriate pursuant to California Code of Civil Procedure §1021.5, which should not in the interest of justice be taken out of any award since any disgorgement or restitution to Plaintiff and class members are owed to them as wages for time worked while employed by Defendants.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all other Class Members, pray for relief and judgment against Defendants, as follows:

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel;

4. For general unpaid or underpaid premium wages for missed/shortened/ interrupted rest and meal breaks, and such general and special damages as may be appropriate;

5. For restitution and disgorgement for reimbursement of expenses and unlawful deductions;

6. For pre-judgment interest on any unpaid from the date such amounts were due pursuant to Labor Code sections;

7. For payments pursuant to Labor Code section 226.7(b);

8. For costs of suit incurred herein;

9. For such other and further relief as the Court may deem equitable and appropriate;

10. For statutory penalties pursuant to Labor Code section 226(e);

**COMPLAINT**

11.  For reasonable attorneys' fees and costs pursuant to Code, Labor Code, including all laws;

12.  For statutory penalties pursuant to Labor Code section 225.5;

13.  Waiting time penalties pursuant to Labor Code section 203;

14.  For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;

15.  For restitution of "unpaid wages" to Plaintiff and all other Class Members and pre-judgment interest from the day such amounts were due and payable;

16.  For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code section 17200 et seq.;

17.  Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all others who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

18.  Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;

19.  For compensatory damages against Defendants to be paid to the Class Members, including all wages and overtime pay, and statutory damages for violation of California Labor Code owed to the California class under California law;

20.  For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendants to be paid to members of the California class who were not timely paid all wages due and owing to them;

**COMPLAINT**

21. For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California;

22. For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein;

23. For general and special damages;

24. Restitution and disgorgement;

25. Statutory damages, civil penalties, and PAGA penalties;

26. Pre-judgment interest;

27. For reasonable attorneys' fees and costs; and

28. For such other and further relief as the Court deems proper.

DATED: November 1, 2021      **NATHAN & ASSOCIATES, APC**

BY: *_/s/ Reuben D. Nathan_____*
Reuben D. Nathan, Esq. (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, California 92663
TEL:     (949) 270-2798
FAX:     (949) 209-0303