O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE HAMILTON, ANTHONY KILLION, KRISTOPHER KACZANOWSKI, LEROY COKER, DARRELL BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC. dba Arizona Knight Transportation Inc.; KNIGHT PORT SERVICES, LLC; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-01859-MEMF-SP<br><br>**ORDER GRANTING EX PARTE APPLICATION TO STAY ACTION [ECF No. 87]** |

Before the Court is an *Ex Parte* Application, filed by Plaintiffs Benny Hamilton, Anthony Killion, Kristopher Kaczanowski, Leroy Coker, and Darrell Brown, to stay this Action pending the Court's ruling on final approval of a class action settlement in *Martinez v. Knight Transportation,* C.D. Cal. Case No. 5:21-cv-00572. ECF No. 87. For the reasons stated herein, the Court GRANTS the *Ex Parte* Application, and will order the action STAYED, with certain conditions imposed in the event that the stay is lifted.

///

1

I.  **Factual Background and Procedural History**

A. This Action

Plaintiff Bennie Hamilton ("Hamilton") filed a class action complaint in this Court on November 2, 2021. ECF No. 1. In his initial complaint, Hamilton brought suit against Defendants Kold Trans, LLC ("Kold Trans"); Knight Transportation Inc.[1] ("Knight Transportation"); Knight Refrigerated, LLC ("Knight Refrigerated"); and Knight-Swift Transportation Holdings, Inc. ("Knight-Swift"). *See id.* Hamilton alleged various wage and hour violations on behalf of himself and a class of all similarly situated persons. *See id.*

Hamilton filed a First Amended Complaint on January 18, 2022. ECF No. 10 ("FAC"). He filed a Second Amended Complaint on July 26, 2022. ECF No. 42 ("SAC"). In the SAC, Hamilton removed Defendant Knight-Swift and added Defendant Knight Port Services, LLC ("Knight Port").[2] *See id.* Hamilton filed a Third Amended Complaint on March 7, 2024. ECF No. 66 ("TAC"). In the TAC, Hamilton added an additional named Plaintiff, Anthony Killion ("Killion"), and removed Defendants Kold Trans and Knight Refrigerated, leaving only Defendants Knight Transportation and Knight Port. Hamilton and Killion filed a Fourth Amended Complaint on May 25, 2023. ECF No. 74 ("4AC"). In the 4AC, Hamilton added three additional named plaintiffs: Kristopher Kaczanowski ("Kaczanowski"), Leroy Coker ("Coker"), and Darrell Brown ("Brown," or collectively with Hamilton, Killion, Kaczanowski, and Coker, "Plaintiffs").[3] *See id.* Plaintiffs allege various wage and hour violations against Knight Transportation and Knight Port.

Plaintiffs filed a Motion for Class Certification on February 26, 2024. *See* ECF No. 86. Defendants' Opposition to that Motion is due on May 10, 2024; Plaintiffs' Reply is due on June 10, 2024; and the hearing is set for August 1, 2024. *See* ECF No. 83.

///

---

[1] Hamilton's complaint names "Knight Transportation Inc.," with no internal comma in the name, while Defendants generally use "Knight Transportation, Inc.," with an internal comma. *See* ECF Nos. 1, 88. The Court understands that these are intended to refer to the same entity.

[2] Defendants assert that Hamilton was an employee of Knight Port, and of no other Defendants. *See* ECF No. 88 at 4.

[3] Defendants assert that Killion, Kaczanowski, Coker, and Brown were employees of Knight Transportation.

### B. The *Martinez* Action

In an action distinct from this one, and filed prior to the filing of this action, Plaintiffs Raul Martinez ("Martinez") and Philippe Vieux ("Vieux") filed a class action (the "*Martinez* Action") in San Bernardino County Superior Court on July 7, 2020, which was removed to this Court on April 1, 2021. *See Raul Martinez et al v. Knight Transportation, Inc. et al*, Case No. 5:21-cv-00572, ECF No. 1 (C.D. Cal. Apr. 1, 2021). The parties to the *Martinez* Action participated in a mediation on December 13, 2023, and later reached a settlement. *See Raul Martinez et al v. Knight Transportation, Inc. et al*, Case No. 5:21-cv-00572, ECF No. 37-2 ¶ 20 (C.D. Cal. July 20, 2023). The parties to the *Martinez* Action filed a Motion for Preliminary Approval of Class and Representative Action Settlement on July 20, 2023. *See Raul Martinez et al v. Knight Transportation, Inc. et al*, Case No. 5:21-cv-00572, ECF No. 37 (C.D. Cal. July 20, 2023). The Court held a hearing and expressed some concerns regarding the proposed class notice, and then on December 5, 2023, granted the Motion for Preliminary Approval of Class and Representative Action Settlement after changes were made to the proposed class notice. ECF No. 53. A hearing on final approval of the class action settlement in the *Martinez* Action is set for April 23, 2024.

### C. Filings in this Action regarding the Martinez Action

In this action, Defendants Kold Trans, Knight Transportation, Knight Refrigerated, and Knight Swift filed a Notice of Related Cases regarding the *Martinez* Action on June 6, 2022. ECF No. 27. The Notice of Related Cases was filed after the FAC but before the SAC, TAC, and 4AC, and so the only plaintiff at the time of its filing was Hamilton, and the Defendants were Kold Trans, Knight Transportation, Knight Refrigerated, and Knight Swift. *See id.* In the Notice of Related Cases, those Defendants asserted that they "never employed [Hamilton]" (based on Defendants' position that Hamilton was only ever employed by Knight Port, which was not a Defendant at that time, *see supra* n.2), and so those Defendants "den[ied] that this case and the *Martinez* Action [were] related," but nevertheless "identifie[d] the *Martinez* Action because it involves an overlapping defendant: Knight Transportation, Inc." *See id.* at 2. Defendants never amended their Notice of Related cases to account for the changes in the SAC, TAC, and 4AC, but now take the position that

this action and the *Martinez* Action are related and argue that Plaintiffs should have known that the amendments to the complaint made the actions related. *See* ECF No. 88 at 9.

### D. The Instant *Ex Parte* Application

Plaintiffs became aware of the settlement of the *Martinez* Action on March 5, 2024, when Plaintiffs received a class notice regarding the settlement. *See* ECF No. 87 at 6. Plaintiffs filed their own Notice of Related Cases in this Action on March 12, 2024.[4] ECF No. 86. Also on March 12, 2024, Plaintiffs filed the instant *Ex Parte* Application to Stay Action Pending Final Approval of Class Action Settlement in the *Martinez* Action. ECF No. 87 ("Application" or "Appl."). Defendants oppose the Application. ECF No. 88 ("Opp'n").

## II. Applicable Law

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979). Whether to stay a case is left to the "sound discretion" of a trial court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In exercising this discretion, courts should consider "the competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of

---

[4] Plaintiffs also filed a Notice of Related Cases in the *Martinez* Action. *See Raul Martinez et al v. Knight Transportation, Inc. et al*, Case No. 5:21-cv-00572, ECF No. 59 (C.D. Cal. March 12, 2024). Knight Transportation objects to that Notice of Related Cases on the basis that it was filed by a non-party, and requests that the Court strike it. *See Raul Martinez et al v. Knight Transportation, Inc. et al*, Case No. 5:21-cv-00572, ECF No. 60 (C.D. Cal. March 14, 2024). That request to strike is not before the Court in this Order and so the Court need not address it here.

In both of their Notices of Related Cases (the one filed in this action and the one filed in the *Martinez* Action), Plaintiffs request that the Court stay this Action. The Court will address that request in this Order ruling on the Application, and so those duplicative requests are MOOT.

issues, proof, and questions of law which could be expected to result from a stay." *Id.*; *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (similar).

### III. Discussion

Here, Defendants do not actually oppose the stay Plaintiffs seek, but Defendants urge that the stay only be granted subject to certain conditions. *See* Opp'n at 7–8. The Court will discuss these conditions in further detail below.

At the outset, the Court finds that a stay of this action is appropriate. Both parties agree that this action is likely to be affected by the settlement of the *Martinez* Action if the settlement is approved. The Court finds that it would preserve both the parties' and the Court's resources to stay this action, rather than proceeding with discovery and the class certification motion, when there is a significant possibility that key issues here will be mooted or otherwise affected. *See CMAX*, 300 F.2d at 268 (factors to consider include "the hardship or inequity which a party may suffer in being required to go forward" and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"). The Court sees no evidence that either party will suffer damage from a stay. *See id.* Thus, the Court will stay this action. The stay shall automatically expire upon the issuance of a final Order regarding the settlement of the *Martinez* Action. The issue to decide is what conditions, if any, to impose alongside the stay.[5]

---

[5] The Court notes that the parties accuse each other of various misrepresentations and purported misconduct in their filings. *See, e.g.*, Appl. at 4 ("Defendants were engaged in underhanded conduct that not only potentially wipes out the Hamilton action, but renders the pending class certification motion, in its current form, all but moot"), 5 n.2 ("Defendants communicated directly with Plaintiffs (our clients), who are known to be represented parties"); Opp'n at 9 ("Defendants must correct the multiple misrepresentations and accusatory insinuations in Plaintiffs' ex parte application and notice of related case . . . It is egregious that Plaintiffs' counsel persists with their flagrantly false accusation that Defendants concealed the fact that Martinez and Hamilton are related"), 10 ("It is similarly false that [as Plaintiffs claim] 'the Martinez case was settled around the same time that the Hamilton Plaintiffs were mediating with the same mediator'" . . . there is absolutely no justification for Mr. Glugoski's brazen lie. . . Also baseless is Plaintiffs' allegation that Defendants' counsel violated the California Rule of Professional Conduct against communicating with represented parties.")

The Court considered these arguments in preparing this Order but did not find them dispositive. The Court urges the parties to be both truthful and civil in their filings going forward.

Defendants request four conditions: (1) if any claims here remain after the final decision regarding the settlement of the *Martinez* Action, Defendants should receive the same amount of time that they would have had absent the stay to file an opposition to the class certification motion; (2) Plaintiffs must stand on their already-filed class certification motion, subject only to withdrawal of claims or issues mooted by the *Martinez* Action; (3) Plaintiffs must provide responses to outstanding written discovery and produce responsive documents within one week of the lifting of the stay; and (4) Plaintiffs whose claims are not released by the *Martinez* Action must sit for depositions within three weeks of the lifting of the stay. *See* Opp'n at 7. Some background is necessary as to the third and fourth requested conditions. Defendants served written discovery on February 9, 2024, which the Court understands Plaintiffs have refused to respond to (in light of the fact that Plaintiffs became aware of the settlement of the *Martinez* Action and are requested a stay). *See* ECF No. 88-1 ¶ 6. The parties had previously agreed to deposition dates of March 11, March 13, and March 18, 2024, for Killion, Kaczanowski, and Brown, and were working to find a date for Coker. *See id.* ¶ 7. Plaintiffs unilaterally canceled those dates when they became aware of the settlement of the *Martinez* Action. *See id.* ¶ 8.

The Court will address each requested condition in turn. The Court is not aware of any binding case law on how to approach the requested conditions, and so will exercise its discretion and seek to find a fair result.

First, the Court finds it fair and appropriate that in the event the stay is lifted and this Action is not entirely mooted, Defendants should have the same amount of time to respond to Plaintiffs' Motion for Class Certification that Defendants would have had absent the stay. The parties previously stipulated as to a briefing schedule for that motion. *See* ECF No. 82. The Court will apply the same schedule—after the refiling of Plaintiffs' Motion for Class Certification, Defendants shall have seventy-four (74) days to file their opposition, and after the opposition, Plaintiffs shall have thirty-one (31) days to file a reply. Thus, Defendants opposition shall be due seventy-four (74) days after Plaintiffs re-file their Motion for Class Certification, and Plaintiffs' reply shall be due one hundred and five (105) days after Plaintiffs re-file their Motion for Class Certification.

  Second, the Court does not find it appropriate or efficient to require Plaintiffs to stand on their previously filed Motion for Class Certification, and to only withdraw arguments or claims that are mooted. The Court understands Defendants' concern that Plaintiffs may inappropriately change their theories, but Defendants may raise that argument in opposition to the Motion, and Defendants' concern does not warrant requiring Plaintiffs to stand on their Motion if many issues it raised are mooted or changed. *See* Opp'n at 8. The Court finds that it would inefficient and make the Court's work difficult to require Plaintiffs to stand on a Motion that is largely mooted or otherwise significantly altered, either by the settlement of the *Martinez* Action or the passage of time. The Court will thus allow Plaintiffs to file a new Motion for Class Certification after the lifting of the stay. This Motion shall be due thirty (30) days after the stay is lifted. Plaintiffs may stand on their previous motion if they so desire (in which case they must file a statement stating as such within 30 days of the lifting of the stay), but if they intend to withdraw any claims or arguments, they must meet and confer and file a new motion, and cannot file a statement that simply describes which parts of the Motion are withdrawn (as this would be unduly confusing).

  Third, the Court does not find it appropriate to require Plaintiffs to produce documents within seven days of the lifting of the stay. First, this would require Plaintiffs to somewhat rapidly produce documents after an Order that may arrive at an unpredictable time. Second, the situation as to discovery may change depending on the resolution of the *Martinez* Action, and the parties should be given time to account for that change and consider what discovery is appropriate. Thus, the Court will order the parties to meet and confer regarding the state of outstanding discovery within fourteen (14) days of a final Order regarding the settlement of the *Martinez* Action. If Defendants wish to stand on previously served discovery, that discovery shall be deemed served on the date of the meet and confer, and Plaintiffs' response deadline shall be governed by the typical rules for discovery served on that date.

  Fourth, the Court finds it appropriate and fair to require Plaintiffs to sit for depositions reasonably soon after the stay is lifted, but not within three weeks as requested. Plaintiffs whose claims are not mooted must make themselves available for depositions within 30 days of the meet

7

and confer described above. The parties should be prepared to discuss the scheduling of these depositions at the meet and confer.

Finally, the Court also notes that a new case schedule will be necessary after the stay is lifted. The parties are ordered to file a joint statement as to the case schedule (including dates for a class certification hearing, the close of fact discovery, trial, and all other deadlines) within twenty-one (21) days of a final Order regarding the settlement of the *Martinez* Action. The parties should be prepared to discuss scheduling at the meet and confer described above.

### IV. Conclusion

For the reasons stated herein, the Court ORDERS as follows:

1. This Action is STAYED pending the resolution of the *Martinez* Action. The Stay shall automatically lift upon the issuance of a final Order regarding the settlement of the *Martinez* Action.

2. Plaintiffs must re-file their Motion for Class Certification, or file a statement indicating that they stand on their previous Motion, within 30 days of a final Order regarding the settlement of the *Martinez* Action. Defendants' Opposition shall be due seventy-four (74) days after Plaintiffs re-file their Motion for Class Certification (or file a statement that they stand on the previous Motion), and Plaintiffs' reply shall be due one hundred and five (105) days after Plaintiffs re-file their Motion for Class Certification.

3. The parties must meet and confer regarding the state of outstanding discovery and the case schedule in this action within fourteen (14) days of a final Order regarding the settlement of the *Martinez* Action.

4. Should Defendants stand on previously served discovery, that discovery shall be deemed served on the day of the meet and confer described above, and the typical rules regarding discovery served on that date shall govern the deadline for Plaintiffs to respond.

5. All named Plaintiffs whose claims survive and who have not yet been deposed must make themselves available for depositions within 30 days of the meet and confer described above.

6. The parties must file a joint statement regarding new deadlines and a new trial date in this Action within twenty-one (21) days of a final Order regarding the settlement of the *Martinez* Action.

IT IS SO ORDERED.

Dated: March 27, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

9